O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN COTA,<br><br>   Petitioner,<br><br>vs.<br><br>K. HARRINGTON, AND ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>   Respondents. | ) Case No. CV 10-1628-CAS(RC)<br>)<br>)<br>) OPINION AND ORDER ON A<br>) PETITION FOR HABEAS CORPUS<br>) AND ORDER DENYING CERTIFICATE<br>) OF APPEALABILITY<br>)<br>)<br>)<br>) |

  On February 26, 2010, petitioner Ruben Cota, a state inmate proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging on double jeopardy grounds the August 9, 2007 decision of the Board of Parole Hearings ("Board") to deny petitioner parole, based, in part, on prison discipline petitioner suffered on May 7, 1987, "for violence on an[other] inmate." Petition at 5-A, Exh. D. On March 5, 2010, this Court issued an Order to Show Cause why this action should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d), see Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684, 164 L. Ed. 2d 376 (2006) ("[D]istrict courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and afforded petitioner the opportunity

to respond to the Order to Show Cause. However, petitioner did not respond to the Order to Show Cause.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners." Bryant v. Arizona Attorney Gen., 499 F.3d 1056, 1059 (9th Cir. 2007). The "one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision[,]" such as the denial of parole. Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004) (citation omitted); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). "[F]or prisoners challenging administrative decisions . . . , AEDPA's statute of limitations begins running . . . on the date the administrative decision became final." Redd, 343 F.3d at 1084 (citations omitted); Shelby, 391 F.3d at 1066.

Here, the Board's decision became final 120 days after the August 9, 2007 parole hearing, or on December 8, 2007. See 15 C.C.R. § 2041(a) ("Board decisions . . . are proposed decisions and shall be reviewed prior to their effective date. . . ."), § 2041(h) ("Proposed decisions made at hearings for prisoners serving a sentence of life with the possibility of parole may be reviewed. . . ."), § 2043 ("Any proposed decision granting, modifying, or denying a parole date for a life prisoner, exclusive of those made during Progress Hearings, shall become final no later than 120 days after the hearing at which the

1  proposed decision was made."). This means the statute of limitations
2  began to run on December 9, 2007, and the limitations period ended on
3  December 8, 2008. Tidwell v. Marshall, 620 F. Supp. 2d 1098, 1100-01
4  (C.D. Cal. 2009); Solorio v. Hartley, 591 F. Supp. 2d 1127, 1130 (C.D.
5  Cal. 2008). Since the instant action was not filed until February 26,
6  2010,[1] it is untimely.

8      However, this Court must consider whether AEDPA's statute of
9  limitations was either statutorily or equitably tolled. See Nino v.
10 Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) ("[T]he statute of
11 limitations is tolled from the time the first state habeas petition is
12 filed until the California Supreme Court rejects the petitioner's
13 final collateral challenge" (footnotes omitted)), cert. denied, 529
14 U.S. 1104 (2000). Here, petitioner states he mailed a habeas corpus
15 petition to the California Supreme Court on January 11, 2009, and that
16 petition was denied by the California Supreme Court on April 29, 2009.

---

[1] "Under the 'prison mailbox rule' . . . a prisoner's . . . habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001) (citation omitted); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." Huizar, 273 F.3d at 1223; Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000), cert. denied, 533 U.S. 941 (2001). Here, petitioner signed and dated the pending petition on February 26, 2010, and the Court uses that date as the filing date. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Under the mailbox rule, . . . we will assume that [petitioner's] motion was delivered to prison authorities the day he signed it. . . ."); Marsh v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("Liberal application of the mailbox rule . . . causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)), cert. denied, 531 U.S. 1194 (2001).

3

1  Petition at 4, Exh. F.  Since this petition was filed after the
2  statute of limitations had expired, it neither tolled nor revived the
3  expired limitations period, Jiminez v. Rice, 276 F.3d 478, 482 (9th
4  Cir. 2001), cert. denied, 538 U.S. 949 (2003); Green v. White, 223
5  F.3d 1001, 1003 (9th Cir. 2000), and petitioner is not entitled to
6  statutory tolling.

8       Further, there is no basis for this Court to equitably toll the
9  statute of limitations since a habeas petitioner is entitled to
10 equitable tolling "only if extraordinary circumstances beyond a
11 prisoner's control make it impossible to file a petition on time."
12 Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation and
13 internal quotation marks omitted); Espinoza-Matthews v. People of the
14 State of Cal., 432 F.3d 1021, 1026 (9th Cir. 2005).  The petitioner
15 bears the burden of proving:  "(1) that he has been pursuing his
16 rights diligently, and (2) that some extraordinary circumstance stood
17 in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807,
18 1814, 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068
19 (9th Cir. 2006).  Additionally, "the prisoner must show that the
20 'extraordinary circumstances' were the but-for and proximate causes of
21 his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.
22 2003) (citations and internal quotation marks omitted); Roy v.
23 Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom.,
24 Belleque v. Kephart, 127 S. Ct. 1880 (2007).  Here, petitioner has
25 proffered no grounds to equitably toll the statute of limitations.

27      Rule 4 of the Rules Governing Section 2254 Cases in the United
28 States Courts provides that "[i]f it plainly appears from the face of

4

the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal. . . ." 28 foll. U.S.C. § 2254, Rule 4. Since it is clear that the habeas petition is untimely on its face, this Court issued an Order to Show Cause and afforded petitioner the opportunity to explain why this action should not be dismissed as untimely. However, petitioner did not respond to the Order to Show Cause; thus, this action should now be summarily dismissed.

This Court also finds any appeal would not be taken in good faith, and that petitioner has not made a substantial showing that he has been denied a constitutional right and this Court was not correct in its statute of limitations ruling, for the reasons set forth herein, and accordingly, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b). <u>Slack v. McDaniel</u>, 529 U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); <u>Manning v. Foster</u>, 224 F.3d 1129, 1132 (9th Cir. 2000).

**ORDER**

IT IS HEREBY ORDERED that Judgment shall be entered SUMMARILY DISMISSING the petition for writ of habeas corpus as untimely.

IT IS FURTHER ORDERED that a Certificate of Appealability be DENIED.

DATE: April 1, 2010

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: March 31, 2010
/S/ ROSALYN M. CHAPMAN
ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\10-1628.mdo - 3/31/10